# In the United States Court of Federal Claims

No. 23-295
(Filed: 3 March 2023)
NOT FOR PUBLICATION

```
*****************************************
TANYA WINTERS,                           *
                                         *
                  Plaintiff,             *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                  Defendant.             *
                                         *
*****************************************
```

## ORDER

**HOLTE, Judge.**

      On 21 February 2023, *pro se* plaintiff Tanya Winters filed a complaint. *See* Compl., ECF No. 1. Plaintiff's complaint alleges she was "violently arrested" and the state of Arizona holds garnished child support. *Id.* at 4–5. Plaintiff seeks relief in the form of "transparency and accountability with justice for all." *Id.* at A-7.

      After careful review of plaintiff's complaint, the Court suspects it lacks jurisdiction over plaintiff's claims. This Court's authority to hear cases is set forth by the Tucker Act, which grants the Court of Federal Claims subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). The Court's jurisdiction does not extend to claims against state or local officials or private individuals. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of th[is] court."). The Court further does not have jurisdiction over claims of violations regarding criminal statutes. *See Joshua v. United States*, 17 F.3d 378 (Fed. Cir. 1994) (summarily affirming this court's finding of having "no jurisdiction to adjudicate any claims whatsoever under the federal criminal code").

      Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") provides "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The Court therefore **ORDERS** plaintiff to **SHOW CAUSE on or before 4 April 2023** as to why this case should not be dismissed pursuant to RCFC 12(h)(3). In responding to this order, plaintiff must identify which source or sources of money-mandating law she is invoking, identify how her claims are against the United States, and explain why this Court has jurisdiction over this case. The Court accordingly **STAYS** the government's answer pending the Court's

- 2 -

review of plaintiff's forthcoming response.  The government **SHALL FILE** its response to plaintiff's brief within 30 days of the date plaintiff files her brief.

    **IT IS SO ORDERED.**

<u>s/ Ryan T. Holte</u>
RYAN T. HOLTE
Judge
